No. 104.—FRANCIS H. MURDOCK *et al.* plaintiffs in error, *vs.*
WILLIAM G. LITTLE, defendant in error.

| 18 | 719 |
|---|---|
| e124 | 805 |

| 18 | 719 |
|---|---|
| f130 | 128 |

[1.] At March Term, 1853, a recovery in ejectment was had in Crawford County, for lot No. 275, in the 1st district, and $787 for *mesne* profits. At a subsequent term, a motion was made to set aside the judgment and execution issuing thereon, because no process was annexed to the declaration. Pending this motion the land in dispute was cut off in Taylor County: *Held,* that it was not error in the Circuit Court to order the records in the cause to be transferred to that county.

Rule *nisi,* in Crawford Superior Court. Heard and decided by Judge POWERS, March Term, 1855.

In 1849, William G. Little commenced his action of ejectment in Crawford Superior Court, against Francis H. Murdock, Bryan Ingram, H. N. Scarborough, Ewell Webb and Elijah H. Bond, for the recovery of lot of land No. 295, in the 1st district of said county, and for *mesne* profits.

At the March Term, 1853, of said Court, a verdict was rendered in favor of the plaintiff, for the land and seven hundred and eighty-seven dollars for *mesne* profits; upon which judgment was entered and execution issued.

At the —— Term, 18—, of said Court, Counsel for the defendants filed a rule *nisi*, calling upon the plaintiff to show cause why the said judgment and execution should not be set aside on the grounds—

1st. That no process is annexed to the declaration on which the judgment is founded.

2d. There is no process or waiver of process in said case by the defendants or either of them.

Argument being had on the rule, the Court made it absolute and vacated the judgment; which decision of the Court was, by writ of error, carried up to the Supreme Court at August Term, 1854, and by that Court reversed, and the cause remanded for a new hearing.

At the March Term, 1855, of said Court, while the said rule to vacate said judgment was still pending, Counsel for the plaintiff, Wm. G. Little, filed the following rule *nisi*:

"It appearing to the Court that the lot of land for the recovery of which the above stated suit was instituted, is situated in that portion of Crawford County which was, by the Act of the Legislature of Georgia, passed at the session of 1853–'4 of said Legislature, annexed to and included within the boundary of Taylor County:

It is therefore, on motion, ordered by the Court, that the defendants show cause why said cause, together with all the proceedings had therein, and the papers of file connected therewith, should not be transferred to the Superior Court of said county of Taylor, there to be finally disposed of."

On hearing this rule, the Court made the same absolute, and ordered the cause, with all the proceedings had therein, to be transferred to the Superior Court of Taylor County.

To which decision, Counsel for the defendants excepted.

HUNTER, for plaintiff in error.

MILLER & HALL; STUBBS & HILL, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Had the Court decided differently from what it did, we are not sure that we should have reversed the judgment. We see no reason for doing so as it is.   The best that has been assigned by the Counsel for the plaintiff in error, is that he cannot attend the Court in Taylor County ; and that does not seem to have prevented the Circuit Judge from transferring the cause.   And it would be a reflection upon the good breeding of our brother POWERS, to hold that we were more courteous than His Honor.

True, Col. BAILEY says, that let the final adjudication, as to the sufficiency of the process, be what it may, it will terminate the present proceeding.   That if determined to be valid the recovery in ejectment, will stand ; and if void, a new suit will have to be instituted.   But in response to this, we suggest that the same is true of most of the cases which are pending when a new county is created out of an old one ; still, the practice has been to transfer them according to the residence of the defendants, and the location of the lands, the titles to which are in dispute.

Besides, if the verdict stands, the writ of *habere facias possessionem* must issue, or if issued, must be enforced and returned in Taylor County.   And is not this a good reason why the record should be transferred ?   At any rate, as the proceeding is yet incomplete, it would seem to be more symmetrical and more in conformity with the spirit of our Constitution, that the further litigation springing out of the ejectment, should be conducted in the county where the land lies.